UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN C. STANLEY,
Plaintiff,

v.

RON BLOOMFIELD, et al.,
Defendants.

Case No. 22-cv-00503-JST

**ORDER OF DISMISSAL**

Plaintiff, an inmate at California State Prison – Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His third amended complaint (ECF No. 20) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**I. Plaintiff's Prior Litigation**

In September 2019, Plaintiff filed Case No. 19-cv-5994 JST, *Stanley v. Davis* ("*Stanley I*"), wherein he sued various San Quentin State Prison ("SQSP") officials, alleging that they had denied him his ability to practice his religion, The 5%, also known as the "Nations of God and Earth" ("NGE"). In or around May 2021, the parties settled *Stanley I*. *Stanley I*, ECF Nos. 72, 73. Soon after settling *Stanley I*, Plaintiff filed multiple motions in *Stanley I*, requesting that the settlement agreement be enforced; arguing that the settlement agreement violated state and federal laws; and requesting that the settlement agreement be rescinded. *Stanley I*, ECF Nos. 74 77, 79, 81, 83. The Court denied these requests because it lacked jurisdiction either to enforce the settlement agreement or to address perceived deficiencies in the settlement agreement, and noting that nothing in the record indicated that the settlement agreement had been breached. *Stanley I*, ECF No. 84.

In December 2021, Plaintiff filed Case No. 21-cv-9467 JST, *Stanley v. Broomfield, et al.* ("*Stanley II*"). In *Stanley II*, Plaintiff alleged that the *Stanley I* settlement agreement had been violated, that he had been prevented from engaging in his NGE practice; and that correctional officer Geocamazi had threatened him with gun violence. *Stanley II*, ECF Nos. 1, 6. The Court dismissed *Stanley II* as duplicative of *Stanley I*. *Stanley II*, ECF No. 6.

## II. Procedural Background

When Plaintiff commenced this action, he was housed at SQSP. *See generally* ECF No. 1. In his initial complaint, Plaintiff sued various SQSP correctional officials; listed as co-plaintiffs two outside organizations and inmates listed as participants in the participant roster for Plaintiff's religion, Nation of Gods and Earth 5% ("5% N.O.G.E."); and alleged that prison officials were interfering with his ability to practice his religion. *Id.* The Court dismissed the initial complaint with leave to amend for the following reasons: the complaint failed to identify what each defendant did or did not do that resulted in the alleged constitutional violation, instead referencing the defendants or prison staff as a general group; the complaint appeared to be raising or re-litigating claims that had been decided in Case No 19-cv-5994 JST, *Stanley v. Davis* ("*Stanley I*"); the complaint appeared to be alleging violations of the settlement agreement in *Stanley I*, which is not a cognizable federal claim; and the complaint acknowledged that the claims were unexhausted. ECF No. 8.

Plaintiff filed a first amended complaint. ECF Nos. 9, 11, 12, 13. Plaintiff then filed a second amended complaint. ECF Nos. 15, 16. The second amended complaint named as defendants the following San Quentin State Prison correctional officials: warden Ron Bloomfield, chief deputy warden Oak Smith, associate warden Lando Bravo, community resources manager ("CRM") Madeline Tenney, sergeant Mark Gerzamlazi, correctional officers B. Birk and A. Gomez; Khwaja (Muslim imam); Rabbi Paul Schelfar (Jewish chaplain). ECF No. 15 at 4, 5. The second amended complaint alleged generally that Plaintiff suffered from staff misconduct, sexual harassment, and retaliation; that CRM Tenney had overridden the court agreement with the support of defendants Bloomfield, Smith, and Bravo; that the overriding of the agreement denied him his right to practice his religion, denied him equal protection of the laws, and caused the

United States District Court
Northern District of California

clergy to enforce these denials; that defendant Birk sexually harassed him by commenting on his crotch as he exited the shower; that defendant Gerzamalazi did not turn in the Plaintiff's report reporting defendant Birk's sexual harassment; and that defendant Gomez denied Plaintiff the ability to practice his religion and retaliated by spraying Plaintiff with siracha sauce. ECF No. 15 at 5-6. The Court dismissed the second amended complaint because it failed to state a cause of action because it only proffered a mixture of conclusory allegations and references to causes of action without sufficient detail to give Defendants fair notice of the factual and legal bases for the claim. The Court noted that it was unclear what court agreement was overridden, what defendant Tenny did that overrode the court agreement, how Defendants prevented Plaintiff from practicing his religion, how the comment regarding Plaintiff's crotch rose to the level of sexual harassment, and what protected activity that Plaintiff engaged in that triggered the retaliation. The Court also noted that the second amended complaint is hard to follow and to read.

## III. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**IV. Third Amended Complaint (ECF No. 20**

The third amended complaint names as defendants the same San Quentin State Prison correctional officials that were named in the second amended complaint: warden Ron Bloomfield, chief deputy warden Oak Smith, associate warden Lando Bravo, community resources manager ("CRM") Madeline Tenney, sergeant Mark Geocamazi, correctional officers B. Birk and A. Gomez; K. Fasih (Muslim imam); and Rabbi Paul Schelfar (Jewish chaplain). As with the prior complaints, Plaintiff's handwriting is hard to read and the allegations are vague and conclusory.

The third amended complaint appears to make the following allegations. Plaintiff has put in requests for honor day celebrations, use of the East Block chapel for congregation on honor days, use of SQTV to use in the cells for 5% NGE programs, religious materials, and DVDs, similar to what is available for inmates who practice the Christian faith, Jewish faith, or Muslim faith. These requests were denied without justification. Defendant Bravo has assured Plaintiff that his religion would be equal in process to other religions, but it was not. Defendant Tenney has been restrictive, hindered Plaintiff's ability to practice his religion, denied Plaintiff use of the chapel, failed to show up to sponsor Plaintiff's religious events, not run the civilization class on time, and generally prevented the God-centered culture from taking form and flourishing. Defendant Geocamazi hindered, delayed, and disrupted Plaintiff's religious practice. Defendant Geocamazi used excessive force on Plaintiff when he ordered the gun man to shoot Plaintiff if Plaintiff did not cuff up. Defendant Birk prevented Plaintiff from speaking to his brother prior to his brother's death by bringing the phone to Plaintiff too late. This denied Plaintiff his First Amendment right to freedom of speech and free exercise of his religion because Plaintiff needed to release his sibling of his worries in life so that his sibling could return to the essence of life, a practice amongst the 5% Nations of God and Earth. This also constituted excessive force in violation of the Eighth Amendment. Defendant Birk sexually abused Plaintiff by commenting on

his crotch and making a homosexual advance. Plaintiff gave defendant Geocamazi a report regarding defendant Birk's sexual abuse and defendant Geocamazi threw it in the trash instead of submitting it. Defendant Gomez denied Plaintiff his First Amendment right to free exercise of his religion when he refused to escort Plaintiff to N.G.E. services, and service was cancelled as a result. Defendant Gomez used excessive force when he arranged to have Plaintiff gassed with urine and siracha sauce by an inmate with whom he had a working relationship after Plaintiff filed a grievance regarding defendant Gomez's failure to escort him to N.G.E. services. Defendant K. Fasih (iman) denied Plaintiff his First Amendment right to freedom of speech and free exercise of his religion, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, and violated the Equal Protection Clause when, on defendant Tenney's instructions, he refused to bring materials donated by the school in Mecca, refused to show up to NGE practices, refused to not show bias, and was very disruptive. Defendant Paul Scheflar, the Jewish chaplain, did not show up on his rotation to supervise the N.G.E. practices; made excuses when he did show up; said "This is not a religion and the Black man is not a god," which is him projecting his Jewish religion into the practice; took the DVDs and lied about giving them to Tenney; and falsely reported that Plaintiff refused to leave the chapel. Defendants Bloomfield, Smith, and Bravo knew of the mistreatment, harassment, racial discrimination, hatred, and religious bias because Plaintiff informed them via notices, letters, and personal conversations and because there were phone calls from outside organizations, but they did nothing. *See generally* ECF No. 20.

The third amended complaint requests that certain of the defendants be removed from employment at CDCR and seeks monetary damages. *See generally* ECF No. 20.

**V. Dismissal with Prejudice**

The third amended complaint is DISMISSED because it again fails to state a claim for relief. The third amended complaint suffers from the following deficiencies.

First, the third amended complaint is vague and hard to follow. It is clear that Plaintiff believes that the named defendants have not supported his religious practice and that he believes that they are mistreating him. However, it is unclear how exactly his religious practice has been burdened. General allegations that a named defendant has denied Plaintiff's requests or Plaintiff's

United States District Court
Northern District of California

grievances, or failed to act on Plaintiff's complaints of mistreatment, are insufficient to give a defendant notice of what the claim is and the grounds upon which it rests.

Second, the third amended complaint fails to state a claim for violation of the Equal Protection Clause. The Equal Protection Clause requires that inmate who is an adherent of minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts" as long as inmate's religious needs are balanced against prison's reasonable penological goals of prison. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The third amended complaint's allegations regarding discriminatory treatment are vague and conclusory, and consist of sentence fragments:

> Ron Bloomfield (warden) received notice, 602s, letters of religious program activity from Plaintiff, refuse to act on them, violation of U.S. constitutional rights, received request for Honor Day celebration, request for materials, use of East Block Chapel for congregation on Honor Days, use of SQTV to view in cells, 5% NGE Programs, DVDs, as did the Christians, Jews, Muslin Religions, Violation U.S. Constitution, 1st 14th RLUIPA Equal Protection Clause.

ECF No. 20 at 2-3.

> Lando Bravo (associate warden) held meetings with Plaintiff & CRM Tenney, assured Plaintiff my religious program activity would be equal in process as all religion groups, it was not.

ECF No. 20 at 3.

> Madeline Tenney . . . (3) Violating Equal Protection Clauses by Racial Discrimination, Hinderances, Agitation, Inciteful Racially charged created environment, denying equal access to chapel, SQTV (Media), Budget materials, Time, Customary Practices.

ECF No. 30 at 5.

The third amended complaint's equal protection claims are naked assertions devoid of further factual enhancement coupled with legal terms, which is insufficient to state a cognizable Section 1983 claim. *Ashcroft*, 556 U.S. at 677-78.

Third, the third amended complaint does not state a cognizable excessive force claim. The Eighth Amendment is violated when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). No force was used on Plaintiff;

specifically, the gun man did not shoot Plaintiff.

Third, the third amended complaint does not state a cognizable First Amendment free exercise claim or a cognizable Religious Land Use and Institutionalized Persons ("RLUIPA") claim. For a prisoner to establish a First Amendment free exercise violation, he must show that prison regulation or official burdened practice of religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A substantial burden exists when the state places substantial pressure on a religious adherent to modify his behavior and to violate his beliefs. *Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024). RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc1(a). Plaintiff states that he was denied honor day celebrations, materials, use of East Block Chapel and SQTV, DVDs, and religious programs, but it is unclear what an honor day is; what materials, DVDs, and programming were denied and the role of these items and programming in Plaintiff's religious practice; how use of East Block Chapel and SQTV relates to Plaintiff's religious practice; and how these denials burdened his religious practice. In addition, these claims appear to be duplicative of claims raised in C No. 19-cv-5994 JST, *Stanley v. Davis* ("*Stanley I*"). *Compare Stanley I*, ECF Nos. 18, 23 *with* ECF No. 20. In *Stanley I*, Plaintiff also alleged that prison officials denied him religious materials, use of East Block Chapel and SQTV, and funding. *Id*. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021.

United States District Court
Northern District of California

Fourth, Plaintiff's claim that defendant Birk commented on his crotch does not state a cognizable Eighth Amendment claim for cruel and unusual punishment or sexual assault. Allegations of verbal harassment and abuse do not state a cognizable 42 U.S.C. § 1983 claim. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983).

The Court has previously informed Plaintiff of the deficiencies in his claims, and twice granted him leave to amend. Plaintiff has filed four complaints, and none have stated a cognizable claim for relief. Under these circumstances, the Court finds that dismissal with prejudice is appropriate. *See Simon v. Value Behav. Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.), *amended*, 234 F.3d 428 (9th Cir. 2000), *and overruled by Odom v. Microsoft Corp*., 486 F.3d 541 (9th Cir. 2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of substantive problems with claims); *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action with prejudice. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 15, 2026

JON S. TIGAR
United States District Judge